**BIAO JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

**No. 05–3449–ag.**

United States Court of Appeals, Second Circuit.

May 10, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

Deborah J. Rhodes, United States Attorney for the Southern District of Alabama, David Andrew Sigler, Assistant United States Attorney, Mobile, Alabama, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Biao Jiang, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Terry Bain's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot

insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

In this case, substantial evidence supports the IJ's conclusions that Jiang was not credible and did not establish a well-founded fear of persecution. The IJ reasonably questioned why Jiang and his father would practice Falun Gong in their back yard, when they knew it had been banned, and reasonably doubted his explanation that the yard was blocked by a fence, given that Jiang failed to explain how the officials could see through the fence on the day in question. More importantly, Jiang failed to reconcile his statements that the officials continued to look for him at his home with his evidence that his father, who had escaped from jail following his own arrest, had been living at home without incident since April 2002. Because the adverse credibility finding prevented Jiang from establishing past persecution, he was not entitled to the presumption of a well-founded fear of future persecution. Nor could he satisfy the higher burden required for withholding of removal. Finally, the adverse credibility determination was also fatal to Jiang's CAT claim, because it was premised on the same facts as his asylum claim, and he failed to present any independent basis for the IJ to conclude he was more likely than not to be tortured. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Jiang's pending mo-

tion for a stay of removal is DENIED as moot.